RECEIVED

MAY 3 1 2012

TONY R. MOORE, CLERK
BY _____ DEPUTY

**5:12-cv-1443 Sec P**

Form to be used by a prisoner filing a civil rights complaint under
THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983 no $ sent

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

363783

JOHN WESLEY PILINSKI, SR

| | |
|---|---|
| Full Name of Plaintiff, Prisoner Number | Sec.P |
| | Civil Action |

VS. Warden Jerry Goodwin,
Warden Robert Rachel, Warden

VS. Angie Huff, Prison Doctor Pamela
Hearn, Doctor Bruce Fuller, medical

Judge

Director Paula Millwee, M.D. Raman Singh, and

Full Name of Defendant James LeBlanc

Magistrate Judge

Secretary of State, LA. D.O.C.

COMPLAINT

I.  Previous Lawsuits

   A.  Have you begun any other lawsuit while incarcerated or detained in any facility?
       Yes _____      No ✓

   B.  If your answer to the preceding question is yes, provide the following information.

       1.  State the court(s) where each lawsuit was filed (if federal, identify the District; if state
           court, identify the county or parish):

           _____ None _____

       2.  Name the parties to the previous lawsuit(s):

           Plaintiffs: _____ None _____

           Defendants: _____ None _____

       3.  Docket number(s): _____ None _____

       4.  Date(s) on which each lawsuit was filed: _____ None _____

       5.  Disposition and date thereof [For example, was the case dismissed and when? Was it
           appealed and by whom (plaintiff or defendant)? Is the case still pending?]:

           _____ None _____

   C.  Have you filed any lawsuit or appeal in any federal district court or appeals court which

has been dismissed?

Yes _____ No _✓_

If your answer to the preceding question is yes, state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

_____ *none* _____

_____

II. A. Name of institution and address of current place of confinement:

*David Wade Correctional Center 670 Bell Hill Rd. Homer LA. 71040*

B. Is there a prison grievance procedure in this institution?

Yes _✓_ No _____

1. Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?

Yes _✓_ No _____

If Yes, what is the Administrative Remedy Procedure number? *DWCC 2011-0637, and DWCC 2012-0301*

2. If you did not file an administrative grievance, explain why you have not done so.

*Filed DWCC 2011-0637*

*DWCC 2012-0301*

3. If you filed an administrative grievance, answer the following question.

What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

*Relief was denied, appealed to the Secretary of State of LA. Dept. of Public Safety and Corrections.*

Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III. Parties to Current Lawsuit:

A. Name of Plaintiff *John Wesley Polinski SR. SEE: Pages Attached.*

Address *670 Bell Hill Rd. Homer, LA. 71040*

B. Defendant, *Jerry GOODWIN, SEE: pages Attached* is employed as

*Warden* at *David Wade Cor. Center 670 Bell Hill Rd. Homer La. 71040*

Defendant, *Robert Rachel*, is employed as

*Warden* at *D.W.C.C. 670 Bell Hill Rd. Homer La. 71040*

Defendant, *Angie Huff, SEE: Pages Attached.*, is employed as

*Warden* at *D.W.C.C. 670 Bell Hill Rd. Homer LA. 71040*

Additional defendants *Medical Director Raman Singh, medical director Paula M. Weeee, Prison Dr. Pamela Hearn, Prison Dr. Bruce Fuller, and James Lablanc Secretary of State LA. SEE: Pages Attached.*

IV. Statement of Claim

State the FACTS of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS. *SEE: Pages 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 attached.*

III. Parties to current Lawsuit:

A. Name of Plaintiff, JOHN WESLEY PILINSKI, JR., Address 670 Bell Hill Rd. Homer, Louisiana 71040.

B. Defendant, JERRY GOODWIN, is employed as Warden at David Wade Correctional Center located at 670 Bell Hill Rd. Homer, Louisiana 71040.

Defendant, ROBERT RACHEL, is employed as Warden at David Wade Correctional Center located at 670 Bell Hill Rd. Homer, Louisiana 71040.

Defendant, ANGIE HUFF, is employed as Warden at David Wade Correctional Center located at 670 Bell Hill Rd. Homer, Louisiana 71040.

Defendant, PAMELA HEARN, is employed as Prison Doctor at David Wade Correctional Center located at 670 Bell Hill Rd. Homer, Louisiana 71040.

Defendant, BRUCE FULLER, is employed as Prison Doctor at David Wade Correctional Center located at 670 Bell Hill Rd. Homer, Louisiana 71040.

Defendant, PAULA MCCLWEE, is employed as medical director at David Wade Correctional Center located at 670 Bell Hill Rd Homer, Louisiana 71040

4.

Defendant, RAMAN SINGH, is employed as Medical [and] mental health Director of Department of Public Safety and Corrections at P.O. Box 94304 Baton Rouge, Louisiana 70804.

Defendant, JAMES LEBLANC, is employed as Secretary of Department of Public Safety and Corrections at P.O. Box 94304 Baton Rouge, Louisiana 70804.

### IV. STATEMENT OF CLAIM

At all relevant times herein, defendants were "persons" for purposes of 42 U.S.C. § 1983 and acted under color of law to deprive plaintiff of his Federal rights, as set forth fully below.

### V. STATEMENT OF FACTS

On 3-25-11 plaintiff arrived at David Wade Correctional Center located at 670 Bell Hill Rd. Homer, Louisiana 71040.

Shortly after arrival plaintiff made sickcall due to chronic and substantial pain, muscle cramps due to an gunshot wound to Anteromedial right thigh through to posterior thigh, diagnosed with right foot drop and paresthesias secondary to nerve injury, being unable to dorsiflex the right foot. Plaintiff suffers from sensitivity to pain in the right foot from nerve injury, which is in the chronic pain

5.

category. Incident occured on 11-14-91, however, plaintiff never made an full recovery and suffers from substantial pain, muscle cramps. LSUMC doctors wanted to amputate right leg because of loss of limb but plaintiff refused so all special procedures were void. Plaintiff was also gunshot in 1-5-93 in back of neck, also treated at Louisiana State University Medical Center - Shreveport.

Plaintiff was placed on the doctor's list at David Wade Correctional Center and was evaluated by prison doctor Pamela Hearn on 4-27-11, plaintiff advised prison physician of his diagnosed condition and that he (plaintiff) was suffering from substantial amount of pain, muscle cramps. Doctor Pamela Hearn did not believe plaintiff's complaint and refused the non-narcotic pain medication "Neurontin", "Ultram" or any non-narcotic muscle relaxer that plaintiff has been prescribed for many years. Doctor Pamela Hearn treated plaintiff as a lier and refused any medical treatment, but did request medical records from LSU Health Sciences Center Health Information Managment located at 1501 kings Highway Shreveport, LA. 71130-3932.

On 6-6-11, 6-8-11 plaintiff made sick call due to chronic pain, muscle cramps, denied any treatment.

On 6-13-11 plaintiff was seen by Prison Doctor Bruce fuller and advised the doctor of his diagnosed condition and that he (plaintiff) was in amount of substantial pain, muscle cramps and needed to stay off foot because being forced to walk excessively long

6.

periouds of time, again denied adequate medication, no prolong standing duty status, no prolong walking, or any more adequate footwear.

Medical records arrived from LSU Health Sciences Center, date unknown. Prison doctors failed to reschedual another doctor appointment for further evaluation.

After another sick call plaintiff complained of chronic pain, muscle cramps, date unknown. Nurse practitioner Jeffrey Jackson read the medical records and determined plaintiff has an obvious medical condition and that plaintiff was in considerable pain and suffering from painful muscle cramps and requested "Neurotin" a non-narcotic medication known to be effective for plaintiff's condition.

After a future doctor visit, plaintiff was denied any medical treatment.

Plaintiff wrote an Administrative Remedy Procedure for being denied adequate medication, for incidents on 4-27-11, 6-6-11, 6-8-11, and, 6-13-11, Case No: DWCC 2011-0637. Relief denied, Prepared by Paula McIlwee and Warden Angie Huff. The prison doctors, Pamela Hearn and Bruce Fuller were not qualified to treat plaintiffs condition so ordered an opinion of outside speciality clinic physicians for consultation purposes and to recommend a means of treatment. They provide guidance and input when completing a diagnosis. However, when the specialist treatment is

7.

ignored, denied. the prison administrator cover for the prison doctor stating DWCC's physician's is your primary care physician's and is controlling when determining health care treatment, recommendations were given by a specialist but denied by prison doctors, because of conflicts between prison doctors and plaintiff, if physicians at DWCC are in the best position to determine plaintiff's course of care then why was plaintiff ordered to EA Conway Hospital for guidance?

The ARP response states plaintiff has refused various medication as ordered by the physician's, this is not true, DWCC's policy for all prisoners is to fill out a refusal slip when denying medication/treatment, plaintiff has signed no refusal's and has not refused any medication except prostate medication.

Plaintiff was transferred to EA Conway Hospital located at Monroe LA., transferred on 9-1-11 to be evaluated by an orthopedic specialist. The orthopedic doctor noticed an obvious medical condition and that plaintiff suffers with chronic pain due to nerve damage, and the doctor prescribed "Neurontin" a non-narcotic medication, which plaintiff has been prescribed for numerous years by private doctor's and LSUHSC doctors.

After several weeks of being ignored by Prison Doctors Pamela Hearn, Bruce Fuller, plaintiff made sickcall once again due to chronic pain, muscle cramps and was placed back on the doctor's callout, date's unknown, still denied adequate medication.

On 9-15-11 plaintiff was seen again by Prison Doctor Pamela Hearn at the prison's North infirmary unit and advised

8.

Doctor Hearn that he (plaintiff) was in pain and suffering muscle cramps late at night and being woke out of his sleep with painful cramps in foot, leg-calves and unable to work cramps out, has to walk barefoot on floor to work out the cramps that are so painful that plaintiff sometimes are brought to tears. Plaintiff advised Dr. Hearn that he was not receiving the prescribed medication or any medication. Doctor Hearn told plaintiff that the facility doesn't prescribe "Neurontin" or any of the medication known to be effective for plaintiff, "Ultram", Flexiral, all non-narcotic medication. Plaintiff knows this statement to be untrue because plaintiff's sister was recently a nurse at FORCHT Wade Cor Center located in Keithville La, and that other inmates at David Wade Correctional Center are receiving the same medication "Neurontin, Ultram, Flexiral" well over a hundred inmates.

Plaintiff asked why other inmates were receiving the same medication if the facility doesn't prescribe it Doctor Hearn became very angry at plaintiff and screamed at plaintiff stating You are not getting the medications and if you don't like it you caught an attorney, and that's the end of this conversation.

These statements were witnessed by Nurse practitioners Tammy Poole, and, Mariam Hennigans, these statements and denial of medication were out of malice and retaliation for past grievances filed on Doctor Hearn and Doctor Fuller, which singled out plaintiff as an individual for "arbitrary and irrational treatment" Plaintiff should be clothed with the rights of equal protection.

Defendant acted with "evil motive or intent" to cause prolong pain with "reckless or callous indifference" to plaintiff's federal rights Doctor Hearns subjective state of mind shows

9.

retaliation for past grievances. Plaintiff was denied any medication.

After several more sick calls plaintiff was placed back on the Doctors call out and was once again evaluated by Prison Doctor Fuller at DWCC north infirmary on 1-13-12 for need for medication "Mobic" and was again denied medication. Doctor Fuller prescribed "elevil", plaintiff advised Doctor Fuller that he was prescribed "elevil" for depression at Hunt Cor Center located in Baton Rooge, and that the elevil doesn't help with his condition.

Doctor Fuller still doggedly persisted in a course of treatment known to be ineffective, Doctor Fuller also made statements to nurse practitioner staff concerning plaintiff filing past grievances.

Plaintiff was transferred back to EA Conway Hospital located in Monroe, La on 2-23-12, plaintiff was asked by the same Orthopedic Doctor, name unknown, how the medication was helping with plaintiff's condition, plaintiff advised the orthopedic Doctor that he was being denied the medication and instead was prescribed elevil by Doctor Fuller and that the elevil doesn't help the condition. The orthopedic Doctor said that elevil wasn't designed for plaintiff's condition and was upset that plaintiff was being denied medication and asked plaintiff which facility he is housed at, plaintiff informed the Orthopedic Doctor, he was housed at David Wade Cor Center, the Orthopedic Doctor was very concerned with the Prison Doctors denial of medication, the orthopedic asked plaintiff if he was receiving proper foot wear, plaintiff advised he wasn't receiving proper foot wear from the facility, Orthopedic Doctor asked if family could provide

10.

better footwear for better support and comfortability, the orthopedic Doctor wrote a perscription to allow family members to send footwear through the medical ward, the orthopedic Doctor wrote "PLEASE" on the bottom of the script because of plaintiff being denied all medication and to show his disapproval of the Prison Doctor's actions.

Transportation officer Pesnell witnessed these proceedings.

On 2-25-12 plaintiff made sick call once again because of still being refused medication and suffering from chronic pain, muscle cramps and being forced to work long hours and excessive use of foot-leg. Again denied medical treatment.

Plaintiff made sick call again on 3-14-12 due to chronic pain, muscle cramps, and was given an Duty Status of Limited walking to 1/10 mile, giving correctional officers permission to make plaintiff stand on leg-foot for long periods of time but was restricted from any sports Basketball, football, Baseball, Boxing, weight lifting, pool, Jogging, Vollyball, table tennis, plaintiff doesn't play these things anyway but it was out of malice, plaintiff is still forced to work, stand all day but not allowed other similar situations.

On 3-16-12 plaintiff was seen by Prison Doctor Fuller and asked for his medication due to chronic pain, muscle cramps, and asked if family could send footwear for better support, Doctor Fuller deceased the elevil and prescribed no medication and denied request for family to send footwear, other inmates are given footwear by the Prison Doctors, family allowed to send foot wear, the chaplain allows certain inmates family to send foot wear

for no apparent reason except for want of new shoes.

Plaintiff is being left no option but to live in pain, the medical condition significantly affects daily activities, plaintiff has not asked for special treatment, only what the Doctors, Orthopedic specialist has ordered. Plaintiff was transferred back to EA Conway hosp. on 4-5-12 and as of 5-21-12, still denied medication.

COUNT ONE: BREACH OF DUTY, Supervisor Liability.

Defendant's Angie Huff, Warden denied Request FOR Administrative Remedy Case No: OWCC-2011-0637 and OWCC-2012-0301, the Warden is "personally involved because the Supervisor, "after learning of the violation of plaintiffs rights... failed to remedy the wrong"; or the supervisor "created a policy or custom under which Plaintiffs constitutional rights were violated," or the supervisor was "grossly negligent" in that she did not adequately supervise the subordinates who violated plaintiffs rights, in that the Supervisor Angie Huff acted with "deliberate indifference" SEE: Exhibit "A," "B"

Defendants, Jerry Goodwin acting as Warden, Robert Rachel acting as Warden were both mailed letters on 3-19-2012 and both failed to remedy the wrong, in the matter same as listed above and in that the Supervisor's were acted in "deliberate indifference": SEE: Exhibit C, D.

Defendant, Raman Singh acting as Medical/mental Health Director located in Baton Rouge LA and Paula Milwee acting as OWCC medical Director were both personally involved.

12

Paula Millevee prepared the response denying relief for ARP case No: 2011-0632 and 2012-0301, Raman Singh was mailed a letter on 3-20-12 being informed of the violation, neither defendant did anything to remedy the wrong, defendants acted with "deliberate indifference". SEE: Exhibits A, B, and E.

Defendant, James LaBlanc acting as Secretary of State of Louisiana, exercised "deliberate indifference" in denying the Administrative Remedy Procedure due to no showing of evidence the secretary failed to investigate enough to make an informed judgement.

As a result of all of the above supervisor's actions in failing to remedy the wrong, plaintiff suffered prolong pain, muscle cramps, distress, emotional and psychological torture.

COUNT TWO: FAILURE TO ADMINISTER ADEQUATE MEDICAL REMEDY

Defendant's Pamela Hearn and Bruce Fuller exercised "deliberate indifference" to plaintiffs diagnosed medical condition by refusing to provide adequate medication following repeated request for medication. Doctor Hearn and Doctor Fuller intentionally did not administer, and refused to fulfill any of plaintiffs request for medical care, Instead defendants screamed and mocked plaintiff in front of other medical personel. 1) Ignored an obvious condition (2). Failed to provide treatment for a diagnosed condition (3) failed to request 1-5-93 gunshot wound records from LSUHSC to be able to make an informed

13.

judgement (4) refused to provide adequate pain medication for plaintiff, (5) allowed plaintiff to see a specialists but then refusing to carry out the specialists recommendations, refusing to carry out and simply ignored medical orders (6) making medical decisions based on non-medical factors; and (7) making a medical judgement so bad it's not medical, plaintiff has been treated as a nuisance and not as a patient.

As a result of Doctor Hearn and Doctor Fuller's "deliberate indifference" to plaintiff's condition, plaintiff has suffered further pain and mental anguish, continued to suffer migraine headaches and general pain throughout his body.

COUNT THREE: EQUAL PROTECTION OF LAW

Doctor Hearn and Doctor Fuller treated plaintiff differently and discriminated against plaintiff, while others in the same or similar situations or circumstances are prescribed the same medication plaintiff has been prescribed and has requested. The unequal treatment resulted from intentional and purposeful discrimination plaintiff was told that the medication was not acceptable medication formulary, but over hundreds of other inmates are provided the same medication. These actions are nothing more than out of malice and retaliation for past grievances. The unequal treatment resulted from intentional and purposeful discrimination.

Plaintiff has been singled out for "arbitrary and irrational treatment.

14.

## COUNT FOUR: RETALIATORY TREATMENT FOR FILING GRIEVANCES

Defendants, Doctor Hean and Doctor Fuller repeatedly denies plaintiff any medication for the purpose of retaliation for the two past grievances. Defendants have left plaintiff to live day after day and night after night due to personel feelings for plaintiff and for purposes of retaliation. As a result plaintiff has been caused further chronic pain and emotional duress, and anxeity. SEE: Exhibits F,

These actions represent a pattern of events demonstrating intentional retaliation against plaintiff by defendants Doctor Pamela Hean, and Doctor Bruce Fuller.

## VI. RELEIF DESIRED

To not be transferred to another facility out of retaliation, adequate medical and foot wear, Injunctive Relief "equitable relief", medication, treatment that has been prescribed. Compensatory damages in the amount of $75.000, each defendant, Punitive damages in the amount of $25.000, each defendant, costs in this suit, in there individual capacity, and official capacity and any additional relief deemed proper and equal.

WHEREFORE, JOHN WESLEY PILINSKI, SR, prays for judgement in his favor against all defendants, to compensate for pain, mental anguish, due to deliberate indifference.

Date may 30 2012                    15.

Respectfully submitted,
John Pilinski
JOHN W. PILINSKI, SR, Plaintiff

## V. Relief

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes. *To not be transferred to another facility out of retaliation, adequate medical care and foot wear, Injunctive Relief "equitable relief" the medication treatment that has been prescribed. Compensatory damages in the amount of $25.000, each defendant. Punitive damages in the amount of $25.000, each defendant costs in this suit, in there individual capacity, and official capacity and any other relief deemed proper and equal.*

## VI. Plaintiff's Declaration

A. I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

B. I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

Signed this *30* day of *May* *2012*.

*363783 Doc#*

Prisoner no. (Louisiana Department of Corrections or Federal Bureau of Prisons or Alien registration number)

Signature of Plaintiff

5/2006

John Pilinski #363783
D.W.C.C.      H-3-B
670 Bell Hill rd.
Homer, La.      71040

 

MAY      30      2012      PM

RECEIVED

MAY 3 1 2012

TONY R. MOORE, CLERK
BY _____
          DEPUTY

Legal mail

Confidential

X-RAYED
CLEARED FOR DELIVERY

Clerk of Court/ Robert H. Shemwell
United States District Court
Western District of Louisiana
Shreveport Division
1167 Courthouse
300 Frannin St.
Shreveport, LA.      71101

NOT RESPONSIBLE
FOR CONTENTS

MAY 3 0 2012

D W C C